UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANICE A. CLAIBORNE,

    Plaintiff,

v.                                  Case No: 6:13-cv-1383-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is pro se Plaintiff Janice A. Claiborne's application to proceed in district court without prepaying fees or costs, which the Court construes as a motion to proceed *in forma pauperis*. For the reasons that follow, I respectfully recommend that the Court deny Plaintiff's motion and dismiss this case without prejudice, with leave to amend.

### I. Background

Plaintiff filed this action on September 6, 2013. She brings her claim against the Commissioner of Social Security, but she does not state when she filed her initial disability claim, the type of benefits she applied for, or the outcome of the administrative action. Instead, she styles her Complaint as an explanation why she disagrees with the unfavorable decision previously made on her disability claim. (Doc. 1). She writes that she suffers from paranoid-schizophrenia and bi-polar disorder, and as a result she has experienced three mental breakdowns, in 1994, 2001, and 2010. She describes each breakdown in great detail. She states that she has had a change in mental status since her hearing before an Administrative Law Judge[1] and has had to eliminate several tasks

---

[1] Plaintiff never actually states that she attended a hearing before an ALJ, but

from her daily routine. She states that she has severe anxiety and confusion, and can only handle a few tasks throughout the day due to her anxiety. Her husband must call her throughout the day to check on her and remind her of her daily tasks. She has difficulty driving, and she is afraid to be around the general public. Lastly, she explains that her husband is making half his previous income, and they are struggling to pay for her medication and bills. On the last page of her Complaint she lists the dates and locations of her hospitalizations. She attaches to her Complaint a letter from a doctor of general psychiatry who writes that she "would strongly support a claim of disability." (Doc. 1-1).

On September 10, 2013, I entered an Order carrying Plaintiff's motion to proceed in forma pauperis and outlining my concerns with Plaintiff's Complaint. (Doc. 5). I noted:

> Plaintiff's Complaint is deficient because it does not list the pertinent facts in numbered paragraphs, lists no legal cause of action, and seeks no relief. In addition, Plaintiff fails to allege that she exhausted her administrative remedies before filing her Complaint.

I gave Plaintiff twenty-one days to amend her Complaint to correct these deficiencies and I advised her to consider seeking counsel. Plaintiff has not amended her Complaint, and the twenty-one days have now passed.

## II. Discussion

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See id. A claim will be considered

---

refers generally to a "hearing."

frivolous only if it is "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting Harris v. Menendez, 817 F.2d 737, 739 (11th Cir. 1987)). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990).

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Plaintiff has not alleged that she exhausted her administrative remedies before filing her Complaint. Without an affirmative showing that Plaintiff has exhausted her administrative remedies, the Court does not have subject matter jurisdiction to hear this action. 42 U.S.C. § 405(g). Accordingly, I recommend that the case be dismissed.

Federal Rule of Civil Procedure 8(a) requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. Fed. R. Civ. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecommunications, Inc., 146 Fed. Appx. 368, 372 (11th Cir. 2005). Although district

courts must apply a "less stringent standard" to the pleading submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff's Complaint does not satisfy the requirements of Rules 8 and 10. She did not list her facts in orderly, numbered paragraphs, she does not list any cause of action, she does not allege the basis of the Court's jurisdiction, and she does not pray for any relief. Therefore, I also recommend dismissal on these grounds.

### III. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff Janice A. Claiborne's motion to proceed in forma pauperis **DISMISS** her complaint **without prejudice, with leave to amend within 21 days from the entry of the Court's Order.**

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 2, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff pro se